IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09 cr 51-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| JERAMI SHANE BEGUE, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

    THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report filed in the above entitled cause on July 8, 2009 by the United States Probation Office. In the violation report, the United States Probation Office alleges that the defendant has violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, attorney Frank Abrams, and the Government was present through Assistant United States Attorney, David Thorneloe, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

    **Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations contained in the violation report that had been filed on July 8, 2009. The Government introduced, without objection, the violation report into evidence.

    The defendant was charged, in a bill of indictment filed on June 2, 2009 with one count of conspiracy to manufacture and possess with intent to distribute methamphetamine.

On June 5, 2009, a hearing was held in regard to the detention of the defendant. On that date, the undersigned entered an order releasing the defendant on a $25,000.00 unsecured bond. The undersigned further set conditions of release which included the following:

(1) That the defendant shall not commit any offense in violation of Federal, State or local law while on release in this case.

(8)(p) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On July 6, 2009 the defendant submitted to an urinalysis drug test at which time tested positive for the use of methamphetamine. The defendant later admitted that he used methamphetamine with co-defendant Trina Jo Willis and a friend that they had met at a service station on July 3, 2009.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1)  finds that there is----
    (A) probable cause to believe that the person has committed a
Federal, State, or local crime while on release; or
    (B) clear and convincing evidence that the person has violated any
 other condition of release; and
(2)  finds that ---
    (A) based on the factors set forth in section 3142(g) of this title, there
is no condition or combination of conditions of release that will assure that the person
will not flee or pose a danger to the safety of any other person or the community; or
    (B) the person is unlikely to abide by any condition or combination
of conditions of release.

If there is probable cause to believe that, while on release, the person committed a

Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds that there is also probable cause to believe that the defendant committed a Federal and State crime while on release. The defendant possessed methamphetamine when he consumed methamphetamine. The possession of methamphetamine is a misdemeanor under federal law 21 U.S.C. § 844 and is a felony under state law N.C.G.S. § 90-95(a)(3). Due to the fact that there is probable cause to believe that the defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that the defendant would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that the defendant violated another condition of release in that it has been shown that the defendant violated the term and conditions of pretrial release in that he was ordered to refrain from use or unlawful possession of a narcotic drug unless it was prescribed by a licensed medical practitioner. The defendant has clearly violated this condition by possessing methamphetamine which is a drug which is not prescribed by licensed medical practitioners.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that the

3

defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon the defendant's actions, that it is unlikely that the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

## ORDER

IT IS, THEREFORE, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: July 24, 2009

Dennis L. Howell
United States Magistrate Judge